UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

             Plaintiff,

v.

DAREESE DAVON HEWLETT,

             Defendant.
_____/

Case No. 1:22-cr-145

Hon. JANE M. BECKERING
United States District Judge

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant, a 14-time felon, was repeatedly caught with guns – a gun he shot at someone with, a gun with a machinegun switch, a gun he had when caught with fentanyl. He has been undeterred by prior criminal sanctions and continues to pose a substantial risk to the public.

### Factual Background

Between May 22 and June 21, 2022, Dareese Davon Hewlett, possessed a Glock 17 9-millimeter pistol. (R.58, PSR, PageID.230, ¶ 3.) Police began investigating Defendant after witnesses reported seeing him brandish a firearm and shoot at two individuals at a park in Muskegon. (*Id.* at PageID.232, ¶ 12.) Through their investigation, officers seized Defendant's phone and discovered conversations in which he referenced "switches". (*Id.* at PageID.233, ¶ 15.) Police searched Defendant's residence and found an FN 9-millimeter pistol, a Ruger 5.7 pistol, ammunition, fentanyl test strips, heat seal packaging, and $32,251 in cash. (*Id.* at PageID.233-34, ¶ 16.)

A subsequent assault investigation involving Defendant's son led to an additional search of a hotel room registered to the Defendant. (*Id.* at PageID.234, ¶ 19.) Police found four more loaded firearms: a SAR 9-millimeter pistol, a Taurus G2C 9-millimeter with a 30-round extended magazine, a SSCY 9-millimeter pistol, and a Glock 17 9-millimeter pistol with a 25-round extended magazine and a switch attached. (*Id.* at PageID.234-35, ¶¶ 20-22.) Analysts determined that the Glock 17 fired ten of the casings found at the park shooting on May 22, 2022. (*Id.* at PageID.235, ¶ 22.)

On June 29 and July 5, 2022, police conducted controlled buys of fentanyl from Defendant. (*Id.*, ¶ 23.) These buys resulted in another search warrant for Defendant's home, where he was found to be in possession of fentanyl, controlled buy funds, a loaded 9-millimeter Sarsilmaz B6 pistol, and a bulletproof vest. (*Id.*)

A grand jury returned a Superseding Indictment charging Defendant with three counts of felon in possession of a firearm and one count of possession of a machinegun. (R.33, SSI.) Defendant is subject to the enhanced penalties provided in 18 U.S.C. § 924(e)(1) because the offenses were committed after Defendant was convicted of at least three serious drug offenses on occasions different from one another. (R.50, Plea Agreement, PageID.173-74, ¶ 3.) Defendant pled guilty to count two (felon in possession of a firearm) pursuant to a written plea agreement and the government agreed to move to dismiss the remaining counts at the time of sentencing. (*Id.* at PageID.172, ¶ 1; PageID.177, ¶ 10.) Sentencing is scheduled for November 21, 2023, in Grand Rapids.

## Calculation of the Sentencing Guidelines

As calculated by probation, Defendant's base and adjusted offense levels are 32. (R.58, PSR, PageID.238, ¶ 38.) With a chapter four enhancement, Defendant's level is 34. (*Id.*, ¶ 39.) A three-level reduction for acceptance of responsibility brings the total offense level to 31. (*Id.*, ¶ 42.) Defendant's criminal history score is 13, resulting in a criminal history category VI. (*Id.* at PageID.250, ¶ 72.) His guideline range is 188-235 months. (*Id.* at PageID.261, ¶ 122.) There is a 15-year mandatory minimum and a maximum term of life applicable in this case. (*Id.*, ¶ 121.)

## Section 3553(a) Factors

The Court is tasked with imposing a sentence that is sufficient but not greater than necessary. Here, Defendant has a lengthy criminal history involving weapons and controlled substances that culminated in the commission of the instant offense. Defendant's history and characteristics show he is a significant risk for recidivism and justify a lengthy period of incarceration to protect the public. This case also involved the possession of firearm with a 25-round extended magazine and a switch attached. "Switches" make a semi-automatic firearm fully automatic. Gun violence is an epidemic throughout the country, but that epidemic is particularly pronounced in the Western District of Michigan. Fully automatic firearms put all citizens in the District at risk, particularly when combined with drugs. The circumstances in this instance call for a significant punishment to deter others from engaging in similar conduct.

**Conclusion**

The government submits that the facts and circumstances call for a significant sentence.

Respectfully submitted,

MARK A. TOTTEN
United States Attorney

Dated:  November 6, 2023          /s/ *Jacob Metoxen*
                                   JACOB METOXEN
                                   Assistant United States Attorney
                                   United States Attorney's Office
                                   P.O. Box 208
                                   Grand Rapids, Michigan 49501
                                   (616) 456-2404